UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERALD DEAN YOUNG,

    Petitioner,

v.    Case No. 3:25-cv-781-JEP-SJH

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

This cause is before the Court on review of Petitioner's *pro se* Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 14). The Amended Petition is not a model of clarity, but Petitioner generally claims the state of Florida has denied him due process by not "utiliz[ing its] discretionary authority to provide [him] with a statutorily mandated objectionable release date" under a "control release program" enacted in 1989. *See* Doc. 14 at 5, 7. Petitioner alleges as follows: in 1992, he was convicted and sentenced to three concurrent life terms for one count of armed robbery and two counts of attempted first degree murder; because he was parole ineligible, he was eligible for consideration of a "control release date" within five years of his conviction, but he "was never notified by the administrative agencies"; and he has "completed the mandatory portion of his sentences," which he contends is

three years, as provided in Florida Statutes section 775.087(2), so he is subject to immediate release from prison. *Id.* at 2, 6–10, 20. *See also* Doc. 15 at 15, 17.

Petitioner is not entitled to relief under § 2241. His Petition is untimely in that his claim is based on a state program discontinued in 1996. *See* Fla. Stat. § 947.146(14) ("Effective July 1, 1996, all control release dates established prior to such date become void."). *See also Thomas v. Singletary*, 729 So. 2d 369, 370 (Fla. 1998) ("[I]n 1996, the legislature ultimately voided all existing control release dates and provided that 'no inmate shall be eligible for release under any previously established control release date.'").

However, even if Petitioner's stated reasons for delay warranted tolling, he is not entitled to relief because the version of the statute in effect when he was convicted expressly provided that "[n]o inmate ha[d] a right to control release," and inmates convicted of attempted murder were ineligible. *See* Fla. Stat. § 947.146(2), (3)(i) (eff. through Sept. 30, 2001). Finally, to the extent Petitioner complains that he has been denied the ability to "earn basic and incentive gain-time," *see* Doc. 14 at 11, his claim fails because an inmate sentenced to life is ineligible for gain time, *see* Fla. Admin. Code. r. 33-603.402(1)(a)(5) ("No inmate shall be eligible to receive or accumulate basic gain time . . . [i]f serving a sentence with no definite term, that is, a life sentence or death sentence[.]").

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. If Petitioner appeals the dismissal of his Petition, the Court denies a certificate of appealability.[1] Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, on November 30, 2025.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

---

[1] The Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Jax-6
c:
Gerald Dean Young, #363305